

This case assigned to District Judge Wilson
and to Magistrate Judge Ray

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 30 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ADEL HASSAN                                                          PLAINTIFF/
                                                                     APPLICANT
VS.                              NO. 3:10CV00100-WRW

ARKANSAS METHODIST HOSPITAL CORPORATION
d/b/a ARKANSAS METHODIST MEDICAL CENTER              DEFENDANT/
                                                     RESPONDENT

### COMPLAINT, APPLICATION FOR STAY AND ORDER COMPELLING ARBITRATION

COMES Adel Hassan, and for his Complaint and Application, he states:

#### PARTIES AND JURISDICTION

1. Defendant has initiated arbitration proceedings in Pulaski County, Arkansas. The action brought by the hospital alleges that Dr. Hassan has breached a contract and owes the hospital money. Dr. Hassan has filed a Counterclaim, alleging discrimination in violation of 42 U.S.C. §1981. Dr. Hassan has also raised the hospital's discriminatory actions as a defense to the hospital's contract claim. Accordingly, since the events giving rise to this matter occurred within this Court's district, venue is appropriate under ACA 16-108-218. This Court has personal jurisdiction over the parties.

#### GENERAL ALLEGATIONS OF FACT

2. The hospital initiated a claim exceeding seventy-five thousand dollars against Dr. Hassan by virtue of the documents attached hereto as Exhibit "A".

3. Dr. Hassan timely responded, objected to jurisdiction, and asserted the Counterclaim alleged below

4. The Hospital responded by letter attached As Exhibit "B."

5. Even though the discrimination claim is part of the defense, the hospital has claimed that such is not arbitrable as a counterclaim. Consequently, the agreement, as interpreted by the Hospital is void for lack of mutuality and in breach of public policy. Should the

1

arbitrator adopt the hospital's position, the arbitration will result in a lack of due process and render the arbitration agreement unenforceable.

6.  Furthermore, as of this filing, no subpoenas have been issued, despite timely request. Therefore, Plaintiff is unable to present the evidence in support of his defense, denying the Plaintiff the access to Courts on the one hand, but failing to give him due process on the other hand.

COUNT I

7.  Plaintiffs re-allege the foregoing as if fully set out herein.

8.  Dr. Hassan denies that he breached the contract. In fact, Dr. Hassan's breach was participated by Arkansas Methodist Hospital Corporation's discriminatory actions, in violation of 42 U.S.C. § 1981, and the Arkansas Civil Rights Act of 1993.

9.  Dr. Hassan is a member of a protected category. As a result of his race, color, or nationality, Dr. Hassan was subjected to a hostile work environment, which the hospital ratified and created.

10. Furthermore, Dr. Hassan was treated more severely than similarly situated Caucasians, even though similarly situated Caucasians had engaged in more serious behavior.

11. Consequently, the hospital induced the breach, and Dr. Hassan was excused from performance. In fact, the hospital failed to substantially perform its end of the bargain, thereby rendering Dr. Hassan's performance excused.

12. Indeed, this action is barred by laches, unclean hands, waiver, and estoppel, federal preemption, and the Stark Act, as an illegal contract.

13. As a direct and proximate cause of the hospital's acts and omissions, Dr. Hassan has been injured in an amount exceeding $125,000.00.

14. Dr. Hassan denies specifically and generally all allegations levied upon against him, and will hold the hospital to strict proof.

WHEREFORE, Plaintiff prays for an Order staying the arbitration, for an Order compelling the Arbitration to proceed in a manner consistent with due process, for an Order declaring the agreement to be unenforceable, for costs, for a reasonable attorney's fees, and for all other proper relief.

          Respectfully submitted,

          HARRILL & SUTTER, P.L.L.C.
          Attorneys at Law
          Post Office Box 2012
          Benton, AR 72018
          501/315-1910; Facsimile 501/315-1916
          Attorneys for the Plaintiff

By:   /s/ Luther Oneal Sutter
          Luther Oneal Sutter, Ark. Bar No. 95031

g:\doc\hassan\cplt-appstay.doc

3