FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 3 0 2010

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

ADEL HASSAN                                                                PLAINTIFF/
                                                                        APPLICANT

VS.                             NO. 3:10CV00100-WRW

ARKANSAS METHODIST HOSPITAL CORPORATION
d/b/a ARKANSAS METHODIST MEDICAL CENTER                 DEFENDANT/
                                                                          RESPONDENT

## BRIEF IN SUPPORT OF EMERGENCY APPLICATION FOR STAY

Plaintiff submits this Brief:

On one hand, parties may strictly limit the scope of an arbitration clause and a court cannot compel parties to arbitrate claims beyond the arbitrator's authority. *See State Farm Mut. Auto. Ins. Co. v. Coviello,* 233 F.3d 710 (3d Cir.2000); *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); *Int'l Bhd. of Elec. Workers v. Verizon N.J., Inc.,* 458 F.3d 305 (3d Cir.2006). On the other hand, a defense to an arbitrable claim is, in most cases, considered "a component of the dispute on the merits and must be considered by the arbitrator, not the court." *Chiron Corp. v. Ortho Diag. Sys., Inc.,* 207 F.3d 1126, 1132 (9th Cir.2000). . In *Chiron,* the Court of Appeals for the Ninth Circuit concluded that "[a]s with other affirmative defenses such as laches and statute of limitations ... a *res judicata* defense is a 'component' of the merits of the dispute and is thus an arbitrable issue." *Id.* at 1134. *See also John Hancock Mut. Life Ins. Co. v. Olick,* 151 F.3d 132, 138 (3d Cir.1998) (*res judicata* defense to arbitrable claim should be heard by the arbitrator, unless a prior federal judgment is at issue); *Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp.,* 88 F.3d 129, 135 (2d Cir.1996) ("The preclusion issue is not ... a disagreement over whether the parties agreed to arbitrate the merits of their dispute. [Rather, the] claim of preclusion is a legal defense to National Union's claim. As such, it is itself a component of the dispute on the merits.") (quotation omitted). If the arbitration clause is construed so narrowly so as to prevent me form asserting

defenses that would be available to Dr. Hassan otherwise, then this arbitration agreement is void for lack of mutuality and lack of due process.

Indeed, if Dr. Hassan did not present these arguments to the arbiter, they could be waived. See *United Steelworkers of Am. v. Am. Smelting and Ref. Co.,* 648 F.2d 863, 870 (3d Cir.1981) (rejecting attack on arbitration award because the argument was not presented to the arbitrator); *InterDigital Comm'cns Corp. v. Fed. Ins. Co.,* No. 03-6082, 2008 WL 783560, at *7 (E.D.Pa. Mar.24, 2008) ("A new defense, interjected at this late stage, is not a ground for relief from the arbitration award."). So, if the Hospital is allowed to arbitrate on one hand, yet Dr. Hassan is unable to present his defenses and counterclaims, then this will, in practical effect, operate as bar to any action for discrimination. The agreement is therefore void for lack of mutuality.

Discrimination is non-negotiable and cannot be disclaimed in advance. This has become well-known in federal civil rights litigation. A key decision was *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), where the United States Supreme Court considered enforcement of an individual's rights to equal employment opportunities under Title VII of the Federal Civil Rights Acts of 1964. A black employee unsuccessfully arbitrated his discharge as required by a collective-bargaining agreement between the company and his union. When he later sued under Title VII, alleging that his discharge resulted from a racially discriminatory employment practice, the trial court granted the company's motion for summary judgment and dismissed the suit. The trial court held that the employee was bound by the unfavorable arbitral decision under his employment contract. The Court of Appeals affirmed, but the United States Supreme Court reversed.

As part of its analysis, the Supreme Court considered whether the employee had waived his rights under Title VII by virtue of the collective-bargaining agreement governing his employment. The Supreme Court held that he had not.

"To begin, we think it clear that there can be no prospective waiver of an employee's rights under Title VII.... Title VII, ... concerns not majoritarian processes, but an individual's right to equal employment opportunities. Title VII's strictures are absolute and represent a congressional command that each employee be free from discriminatory practices. Of necessity, the rights conferred can form no part of the collective-bargaining process since waiver of these rights would defeat the paramount congressional purpose behind Title VII. In these circumstances, an employee's rights under Title VII are not susceptible of prospective waiver." 415 U.S. at 51-52, 94 S.Ct. at 1021.

Thus, there can be no contract for unlawful discriminatory treatment. This view has been applied in a number of decisions, often citing *Alexander. See Kewin v. Board of Education of Melvindale,* 65 Mich.App. 472, 237 N.W.2d 514 (1975) (a four-month maternity leave mandated by a collective-bargaining agreement held unconstitutional, citing *Alexander* ); *Driessen v. Freborg,* 431 F.Supp. 1191 (D.C.N.D.1977) (Discharge under maternity leave provision in teachers' contract violated due process, citing *Kewin, supra* ); *Horne v. New England Patriots Football Club,* 489 F.Supp. 465, 470 (D.C.Mass.1980) (arbitration clause in employment agreement does not stay age discrimination claim, citing *Alexander* ); *Campbell v. Connelie,* 542 F.Supp. 275, 279 (D.C.N.Y.1982) (age discrimination claim not waived by joining age 55 retirement plan, citing *Alexander* ); *United States v. Trucking Employers, Inc.,* 561 F.2d 313, 319 (C.A.D.C.1977) ("Under Title VII, there can be no prospective waiver. * * * "An employer cannot ... circumvent its responsibility for future acts of purposeful discrimination."-citing *Alexander* for both statements); *U.S.E.E.O.C. v. County of Calumet,* 686 F.2d 1249, 1256 (7th Cir.1982) (collective bargaining agreement, retirement fund, and county personnel policy did not prospectively waive ADEA claim for forced retirement, citing *Alexander* ); *Williams v. Vukovich,* 720 F.2d 909, 926 (6th Cir.1983) (Consent decree about racial discrimination in police department contained impermissible waivers of future discrimination, citing *Alexander* ); *Schwartz v. Florida Board of Regents,* 807 F.2d 901, 906 (11th Cir.1987) (Settlement agreement was not a waiver of future Equal Pay Act or Title VII claims, citing *Alexander* ). *See also Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 740, 101 S.Ct. 1437, 1445, 67 L.Ed.2d 641 (1981) following *Alexander* and holding that minimum wage provisions of

the Fair Labor Standards Act "cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate;" *McDonald v. City of West Branch,* 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), holding that an unappealed arbitration award did not preclude an employee's § 1983 action for unconstitutional discharge, relying on *Alexander,* and saying, 104 S.Ct. at 1804, footnote 12, that, "because preclusion of a judicial action would gravely undermine the effectiveness of § 1983, we must reject ... reliance on and deference to the provisions of the collective-bargaining agreement;" and *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985), at footnote 8, citing *Alexander* as distinguishing "rights which could be waived by contract between the parties, on the one hand, from an individual's substantive right derived from an independent body of law that could not be avoided by a contractual agreement, on the other." Thus, I respectfully request that the arbiter either dismiss this arbitration entirely, or, alternatively allow Dr. Hassan's defenses and counterclaims to proceed. This entire agreement should fall as being illegal and in violation of public policy, should the Hospital's argument be adopted.

                                        Respectfully submitted,

                                        HARRILL & SUTTER, P.L.L.C.
                                        Attorneys at Law
                                        Post Office Box 2012
                                        Benton, AR 72018
                                        501/315-1910; Facsimile 501/315-1916
                                        Attorneys for the Plaintiff

By:    /s/ Luther Oneal Sutter
           Luther Oneal Sutter, Ark. Bar No. 95031

g:\doc\hassan\er app stay-brf.doc