IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

ADEL HASSAN                                            PLAINTIFF

vs.                  No. 3:10CV00100-WRW

ARKANSAS METHODIST HOSPITAL CORPORATION         DEFENDANT
d/b/a ARKANSAS METHODIST MEDICAL CENTER

## BRIEF IN SUPPORT OF DEFENDANT"S RESPONSE TO EMERGENCY APPLICATION FOR STAY

Defendant Arkansas Methodist Medical Center ("AMMC"), by its attorneys The Health Law Firm, states the following:

**Factual Matters**

1. On October 30, 2009, AMMC commenced a proceeding in arbitration claiming money damages from Plaintiff Adel Hassan, M.D. ("Dr. Hassan") for breach of a Physician Income Guarantee Agreement between the parties dated December 18, 2006 ("Agreement").[1]

2. Such arbitration was commenced pursuant to Section 5.19 of Agreement that provides:

> **Arbitration**. Except as provided in Sections 2.3, any controversy or claim arising out of this Agreement, or the breach thereof, shall be settled by binding arbitration to be administered by ADR, Inc., 500 President Clinton Avenue, Museum Center, Suite 10, Little Rock, AR 72201, under its Commercial Arbitration Rules and in accordance with Ark. Code Ann. § 16-108-101, et seq. The arbitration shall be conducted by a single arbitrator in Little Rock, Arkansas. In addition to any other appropriate damages, the prevailing party shall be entitled to reasonable attorneys' feed and other fees, costs, and expenses of the arbitration.

---

[1] Attached as Exhibit 'A' to Plaintiff's Complaint, Application for Stay and Order Compelling Arbitration.

      Any judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

3. On January 20, 2010, Dr. Hassan filed a "Response and Counterclaim" in said arbitration proceeding, raising certain defenses to AMMC's breach of contract claim and purporting to assert a counterclaim based on an alleged violation of 42 U.S.C. § 1981 and the Arkansas Civil Rights Act of 1993.[2]

4. On January 28, 2010, AMMC filed a response to the purported counterclaim stating that, among other things, the counterclaim is not arbitrable.[3]

5. The arbitrator set a final hearing for May 3 and 4, 2010, by letter dated January 27, 2010.[4]

6. On April 29, 2010, at the instigation of counsel for Dr. Hassan, a telephonic hearing with counsel for the parties was held, the original arbitrator recused himself for an apparent conflict of interest, a new arbitrator was named and the final hearing date was postponed until May 17 and 18, 2010. Neither arbitrator ruled on the arbitrability of the counterclaim. Counsel for Dr. Hassan indicated his intention to file the present action.

7. On April 30, 2010, the present action was commenced.

---

[2] Attached hereto as Exhibit '1'.

[3] Attached as Exhibit 'B' to Plaintiff's Complaint, Application for Stay and Order Compelling Arbitration.

[4] Attached hereto as Exhibit '2'.

**Legal Argument**

By this action, Dr. Hassan attempts to compel AMMC to arbitrate a statutory civil rights claim.  There are three reasons why this argument fails and his Emergency Application for Stay should be denied:

    1. The parties did not agree to arbitrate anything other than controversies or claims arising out of the Agreement or the breach thereof.

    2. An arbitration decision against Dr. Hassan on his counterclaim would not be binding on him.  Hence any interpretation of the Agreement requiring arbitration of the counterclaim would be void for lack of mutuality.

    3. Actions under the federal and state civil rights statutes are akin to tort actions and the Arkansas Arbitration Act does not permit arbitration of tort matters.

Each will be discussed in turn.

**1. The parties did not agree to arbitrate anything other than controversies or claims arising out of the Agreement or the breach thereof.**

There is no dispute that arbitration in this action is governed by the Arkansas Uniform Arbitration Act ("AUAA").  The Agreement specifically references the AUAA.  Dr. Hassan in his Emergency Application for Stay cites the Court to the AUAA.  Where the parties designate in the arbitration

agreement which arbitration statute they wish to have control, the court should apply their choice. *Pest Management, Inc. v. Langer*, 96 Ark.App. 220, 224, 240 S.W.3d 149, 153 (Ark.App. 2006).

The scope of arbitration is defined by the contract between the parties and the [AUAA] contemplates that the courts will effectuate this agreement. *Showmethemoney Check Cashers, Inc. v. Williams*, 342 Ark. 112, 27 S.W.3d 361 (2000). The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally, thus Courts seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. *May Const. Co., Inc. v. Benton School Dist. No. 8*, 320 Ark. 147, 895 S.W.2d 521 (1995). Further, the U.S. Supreme Court has required that any agreement to arbitrate statutory antidiscrimination claims be "explicitly stated." *14 Penn Plaza LLC v. Pyett*, 129 S.Ct. 1456, 1465 (2009).

AMMC will not burden the Court with the underlying facts or basis for breach of the Agreement. There is no dispute AMMC's breach of contract claim and Dr. Hassan's defenses are subject to arbitration. Therefore, this is information better left for the arbitrator to consider. However, there is no explicit agreement to arbitrate statutory anti-discrimination claims.

Dr. Hassan's purported counterclaim alleges unspecified actions on the part of AMMC that "participated" (precipitated?)[5] Dr. Hassan's breach. Dr. Hassan confuses a counterclaim with a defense. AMMC does not dispute that

---

[5] Dr. Hassan's Response and Counterclaim, ¶ 3.

Dr. Hassan may raise whatever valid defenses he has it its breach of contract claim.  To the extent that valid *defenses* such as prevention or impossibility exist, they clearly arise out of the Agreement or the breach thereof.  However, while Dr. Hassan may — or may not — have a civil rights claim, such a *claim* does not arise out of the Agreement. Any such claim would arise out of acts of AMMC — not out of the Agreement or its breach.

**2. An arbitration decision against Dr. Hassan on his counterclaim would not be binding on him.  Hence any interpretation of the Agreement requiring arbitration of the counterclaim would be void for lack of mutuality.**

If there are two possible interpretations of an instrument, one which would render it valid and one which would render it invalid, preference will be accorded to the construction which will uphold it.  *Roemhild v. Jones*, 239 F.2d 492 (8th Cir. 1957); *Broach v. City of Hampton*, 283 Ark. 496, 677 S.W.2d 851 (1984).

A lack of mutuality to arbitrate in arbitration clauses renders the clauses void as to the bound party. *Showmethemoney Check Cashers, Inc. v. Williams*, 342 Ark. 112, 120, 27 S.W.3d 361, 366 (2000).

A trio of U.S. Supreme Court opinions have held that an arbitrator's decision has no preclusive effect with regard to a statutory civil rights claim. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011 (1974); *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437 (1981); *McDonald v. City of West Branch, Michigan*, 466 U.S. 284, 101 S.Ct. 1799 (1984).

Since an arbitrator's decision against Dr. Hassan on his §1981 claim would not be binding on Dr. Hassan, there would be no mutuality of obligation with regard to arbitration of the §1981 claim and, therefore, any agreement to arbitrate a §1981 claim would be void. Therefore, to the extent that any ambiguity exists as to whether or not the Agreement calls for binding arbitration of statutory civil rights claims, the Agreement should be interpreted so as to result in the agreement to arbitrate being valid — or stated another way, calling for the arbitration of the contract claims and not Dr. Hassan's statutory civil rights claims.

### 3. Actions under the federal and state civil rights statutes are akin to tort actions and the Arkansas Arbitration Act does not permit arbitration of tort matters.

An action under § 1981 sounds in tort rather than contract. *Goodman v. Lukens Steel, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).* In *Goodman*, which involved racial discrimination, the U.S. Supreme Court held that federal courts should select the most applicable state statute of limitations for § 1981 claims, and that the applicable state statute should be the one governing personal injury claims. The court said:

> Section 1981 has a much broader focus than contractual rights … [It] asserts in effect that competence and capacity to contract shall not depend on race. It is thus part of a federal law barring racial discrimination, which, as the court of appeals said, is a fundamental injury to the individual rights of a person … The Court of Appeals was correct in selecting the Pennsylvania 2-year limitation period governing personal injury actions. (Id. at 661-662, 107 S.Ct. at 2620-2621).

Similarly, the Eighth Circuit has held that claims under the Arkansas Civil Rights Act other than for employment discrimination should be treated as torts for limitations purposes. *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC,* 519 F.3d 466, 474 (8th Cir. 2008).

The AUAA provides that it "shall have no application to personal injury or tort matters [or to] employer-employee disputes. . ." Ark. Code Ann. § 16-108-201(b)(2). Claims sounding in tort are not arbitrable regardless of the language used in the arbitration agreement. *Terminix Int'l. Co. v. Stabbs,* 326 Ark. 239, 930 S.W.2d 345 (1996); *Hawks Enterprises, Inc. v. Andrews,* 75 Ark. App. 372, 57 S.W.3d 778 (2001).

**Conclusion**

AMMC respectfully asserts, and requests the Court to rule, that:

1. Dr. Hassan's counterclaim seeking relief under § 1981 and the Arkansas Civil Rights Act is not arbitrable.

2. AMMC's claim and Dr. Hassan's defenses to said claim are arbitrable, and the arbitration of such claims and defenses should be ordered pursuant to Ark. Code Ann. § 16-108-202(a).

3. This action should be stayed pursuant to Ark. Code Ann. § § 16-108-202(d) pending a decision in such arbitration.

4. Granting AMMC all just and proper relief.

**Respectfully submitted,**

 /s/ Harold H. Simpson
Harold H. Simpson #74133
**THE HEALTH LAW FIRM**
*Attorneys for the Defendant*
One Cantrell Center
2800 Cantrell Rd., Ste. 200
Little Rock, AR 72202
Phone: (501) 221-7100
Fax: (501) 224-8787
hhsimpson@healthlawfirm.com

### CERTIFICATE OF SERVICE

I, Harold H. Simpson, hereby certify that on the 4th day of May, 2010, I electronically filed the above and foregoing document with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

>Mr. Luther Sutter
>luthersutter@yahoo.com

/s/ Harold H. Simpson
Harold H. Simpson, AR #74133
The Health Law Firm
2800 Cantrell Road, Suite 200
Little Rock, AR 72202
(501) 221-7100
(501) 224-8787 (Telefax)
E-mail: hhsimpson@healthlawfirm.com