**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**ADEL HASSAN**                                                                **PLAINTIFF**

**vs.**                                    **3:10CV00100-WRW**

**ARKANSAS METHODIST
HOSPITAL CORPORATION**                                                   **DEFENDANT**

<u>**ORDER**</u>

Pending is Plaintiff's Emergency Motion to Stay and Compel Arbitration (Doc. No. 1), to

which Defendant has responded.[1] For the reasons set out below, Plaintiff's Motion to Compel

Arbitration on his civil rights counterclaim is DENIED and this action is STAYED pending the

resolution of the claims already in arbitration.

**I.     BACKGROUND**

The following facts are undisputed.[2]

On October 30, 2009, Arkansas Methodist Hospital Corporation ("AMMC") commenced

a proceeding in arbitration claiming money damages from Adel Hassan, M.D. ("Dr. Hassan") for

breach of a Physician Income Guarantee Agreement between the parties dated December 18,

2006 ("Agreement").

Arbitration was commenced under Section 5.19 of Agreement that provides:

**Arbitration.** Except as provided in Sections 2.3, any controversy or claim arising
out of this Agreement, or the breach thereof, shall be settled by binding
arbitration to be administered by ADR, Inc., 500 President Clinton Avenue,
Museum Center, Suite 10, Little Rock, AR 72201, under its Commercial
Arbitration Rules and in accordance with Ark. Code Ann. § 16-108-101, *et seq*.
The arbitration shall be conducted by a single arbitrator in Little Rock, Arkansas.

---

[1]Doc. No. 5.

[2]See Doc. Nos. 1, 2, 3, 5, 6, 8, and 9. Disputed facts are noted.

> In addition to any other appropriate damages, the prevailing party shall be entitled to reasonable attorneys' fees and other fees, costs, and expenses of the arbitration. Any judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

On January 20, 2010, Dr. Hassan filed a "Response and Counterclaim" in the arbitration proceeding, raising certain defenses to AMMC's breach of contract claim, but also asserting a counterclaim based on alleged violations of 42 U.S.C. § 1981 and the Arkansas Civil Rights Act of 1993.

On January 28, 2010, AMMC filed a response in the arbitration proceeding, stating that, among other things, Dr. Hassan's civil rights counterclaim is not arbitrable.

On April 30, 2010, the present action was commenced by Dr. Hassan, seeking a stay and an order to compel AMMC to arbitrate the civil rights counterclaim.

A final hearing date in the arbitration is set for May 17 and 18, 2010.

## II.    DISCUSSION

Dr. Hassan's Motion to Compel Arbitration of the civil rights counterclaim is DENIED because it falls outside the scope of the Arkansas Uniform Arbitration Act ("AUAA"),[3] and also because it falls outside the scope of the Agreement's arbitration clause.

The parties agree that arbitration in this action is governed by the AUAA.[4] The AUAA provides that certain claims are outside the scope of arbitration,[5] including "personal injury or

---

[3] Ark. Code Ann. § 16-108-201 *et seq.*

[4] The Agreement specifically holds the AUAA applies, and both parties cite to the AUAA. Where the parties designate in the arbitration agreement which arbitration statute they wish to have control, the court should apply their choice. *Pest Management, Inc. v. Langer*, 240 S.W.3d 149, 153 (Ark. App. 2006).

[5] *Terminix Int'l Co. v. Stabbs*, 930 S.W.2d 345 (Ark. 1996).

2

tort claims."[6] AMMC argues that Dr. Hassan's counterclaim is outside the scope of the AMMC because the civil rights claim sounds in personal injury or tort. I agree.

Hassan's counterclaim alleges violations of his constitutional and civil rights in violation of 42 U.S.C. §§ 1981.[7]  The phrase "personal injury or tort claim" is not defined in the AUAA, and I find no law in the Eighth Circuit or under Arkansas law directly addressing whether claims under Section 1981 constitute "personal injury or tort claims" for the purpose of the AUAA. However, other precedent persuades me that Hassan's civil rights claim should be treated as a "personal injury or tort" claim under the AUAA.

In discussing the nature of claims under 42 U.S.C. § 1983, the Fourth Circuit explained in *Almond v. Kent*:[8] "In essence, § 1983 creates a cause of action where there has been injury, under color of state law, to the person or to the constitutional or federal statutory rights which emanate from or are guaranteed to the person. In the broad sense, *every cause of action under § 1983 which is well-founded results from 'personal injuries.'*"

---

[6]*Id*.; Ark. Code Ann. § 16-108-201(b).

[7]42 U.S.C. § 1981(a) reads: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give  evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

[8]459 F.2d 200, 204 (4th Cir.1972) (emphasis added).

Expressly relying on *Almond*, the Supreme Court later held that, "[Section] 1983 claims are best characterized as personal injury actions."[9] Then, in *Goodman v. Lukens Steel Co.*,[10] the Supreme Court went on to apply this same view to Section 1981 claims. In rejecting the argument that Section 1981 claims should be regarded differently from Section 1983 claims because Section 1981 deals with contractual rights, the Court explained:

> Section 1981 has a much broader focus than contractual rights. The section speaks not only of personal rights to contract, but personal rights to sue, to testify, and to equal rights under all laws for the security of persons and property; and all persons are to be subject to like punishments, taxes, and burdens of every kind. . . . The provision asserts, in effect, that competence and capacity to contract shall not depend upon race. It is thus part of a federal law barring racial discrimination, which . . . is a fundamental injury to the individual rights of a person.[11]

While the line of cases above were decided in the context of determining the appropriate state statute of limitations for these federal claims, I see no reason why their analysis does not equally apply to whether these causes of action should be characterized as "personal injury or tort claims" for purposes of the AUAA. It would be strange to characterize civil rights actions as sounding in personal injury or tort for the purposes of jurisdiction under statutes of limitation but not under the scope of the AUAA.

---

[9]*Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383-85 (2004).

[10]482 U.S. 656 (1987), *superseded by statute on other grounds as stated in Jones*, 541 U.S. at 383-85.

[11]*Id.* at 661-62.

I find that Hassan's civil rights counterclaim[12] sounds in "personal injury or tort," and so is not arbitrable regardless of the language used in the arbitration agreement.[13]

Additionally, I note that language of the arbitration agreement also indicates that the parties did not intend to arbitrate the civil rights counterclaim in question.[14] The Agreement's arbitration clause is clear as to the subject matter the parties specifically agreed to arbitrate: "any controversy or claim arising out of this Agreement, or the breach thereof." Dr. Hassan's papers make no attempt to explain how a counterclaim under Section 1981 is a claim "arising out of" an Income Guarantee Agreement and the performance of the specified contractual duties therein. Whatever the facts underlying Dr. Hassan's civil rights counterclaim (they have not been specified in his papers), the arbitration clause at issue here does not cover claims arising from the non-contractual relationship between the parties.

Importantly, however, this does not mean that facts underlying Dr. Hassan's purported civil rights counterclaim cannot be raised in arbitration to the extent that they relate to *defenses* to AMMC's breach of contract claim.[15]

---

[12]My reasoning applies equally to Dr. Hassan's claims under the Arkansas Civil Rights Act, which the Eighth Circuit has also held should be treated as tort for limitations purposes. See *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 519 F.3d 466, 474 (8th Cir. 2008).

[13]See *Terminix Int'l. Co. v. Stabbs*, 930 S.W.2d 345 (Ark. 1996); *Hawks Enterprises, Inc. v. Andrews,* 57 S.W.3d 778 (Ark. 2001).

[14]*Showmethemoney Check Cashers, Inc. v. Williams*, 27 S.W.3d 361 (Ark. 2000).

[15]Dr. Hassan's papers and cited case law focus entirely on arguing that he should be allowed to present defenses to the alleged breach of the Agreement. See Doc. No. 3.  But, AMMC does not dispute that Dr. Hassan can raise defenses to the breach of contract claim; AMMC only disputes the arbitrability of the civil rights counterclaim. See Doc. No. 6.

Finally, Dr. Hassan argues that, should I refuse to compel arbitration of his civil rights counterclaim, the Agreement will be void for lack of mutuality.[16] Mutuality of contract means that an obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other; so, neither party is bound unless both are bound.[17] The arbitration clause at issue here provides each party with an unbridled right to arbitrate certain issues, while preserving the right for either party to litigate certain other issues. That Dr. Hassan cannot arbitrate claims outside the scope of the Agreement does not destroy mutuality.

## CONCLUSION

1. Plaintiff's counterclaim seeking relief under Section 1981 and the Arkansas Civil Rights Act is not arbitrable. Accordingly, Plaintiff's Motion to Compel Arbitration on this claim is DENIED.

2. This action is STAYED pending a decision on the other claims already in arbitration, and the parties are directed to contact the Court when arbitration has completed.

IT IS SO ORDERED this 13th day of May, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[16]*Id.*

[17]*Tyson Foods, Inc. v. Archer*, 147 S.W.3d 681 (Ark. 2004).

6