

## ADR INC
### Alternative Dispute Resolution

www.mediateadr.com

Stanley M. "Jack" Bell
John A. Davis, III
Frank S. Hamlin
Robert E. Hornberger
John E. Jennings
Richard Lusby
Sid McCollum
Mary M. White Schneider
John F. Stroud, Jr.

July 19, 2010

Mr. Harold Simpson
The Health Law Firm
2800 Cantrell Road, Suite 200
Little Rock, AR 72202

Mr. Luther Sutter
Harrill & Sutter, PLLC
P.O. Box 2012
Benton, AR 72018

Re: Arkansas Methodist Hospital Corporation v. Adel Hassan, M.D.

Gentlemen:

This arbitration proceeding was begun on October 30, 2009 when a claim was filed by Arkansas Methodist Hospital with Mr. Jack Davis who was the arbitrator in this case before his recusal shortly before the hearing. Counsel for the respondent Dr. Adel Hassan filed a response and counterclaim on January 20, 2010. The claim is based on a contract between the parties entitled "Physician Income Guarantee Agreement", dated December 18, 2006. Although respondent's response and counterclaim set out every affirmative defense listed in the Rules of Civil Procedure, the core of respondent's defense has always been that the hospital unlawfully discriminated against him.

On April 30, 2010, Respondent filed suit in Federal District Court seeking an order compelling arbitration of his civil rights counterclaim. That court held that the counterclaim was not arbitrable. The court also stated "...this does not mean that facts underlying Dr. Hassan's purported civil rights counterclaim cannot be raised in arbitration to the extent that they relate to defenses to AMMC's breach of contract claim." (Emphasis in original)

The District Court stayed the federal court action until completion of the arbitration.

The arbitration hearing was held on May 17 and 18, 2010 in Little Rock. A verbatim record of the proceedings was made. The testimony of Cheryl Morrison and Libby Ferrell, both hospital employees was heard. Five doctors testified: Schecter, Burchfield, Noel, Alleman and Adel Hassan, the respondent. Finally the testimony of two administrators, Barry Davis and Ron Rooney, was heard. The parties have both filed post-hearing briefs.

1501 North University Avenue
Prospect Building, Suite 420
Little Rock, AR 72207
501.376.2121
501.376.2122 fax

Executive Center II
1116 South Walton Blvd., Ste. 111
P.O. Box 1826
Bentonville, AR 72712
479.271.2237
479.271.2197 fax

404 North Seventh Street
P.O. Box 8064
Fort Smith, AR 72902-8064
479.783.1776

405 Walnut
Miller Co. Abstract Building
Texarkana, AR 71854
870.772.0718
870.772.0719 fax

Century Center
301 W. Washington
P.O. Box 3077
Jonesboro, AR 72403
501.376.2121
501.376.2122 fax

Brinkley Plaza
80 Monroe Ave., Suite G1
Memphis, TN 38103
901.743.1055
901.376.2122 fax

EXHIBIT 1

To: Mr. Simpson and Mr. Sutter
July 19, 2010
Page 2

    The claim itself is not in dispute. Dr. Hassan agreed that the money would be owed were he not to prevail on his defenses. Thus the issue is whether any of the defenses have been established. As set forth in respondent's post-hearing brief, those defenses are "setoff, excuse, and illegality." By far the most strongly urged defense is that of setoff because of discrimination.

    Although setoff is applicable in contract actions, the amount to be set off must be ascertained- unliquidated damages cannot be set off. See Black's Law Dictionary. Here the respondent's damages, if any, are unliquidated.

    As to the defense of excuse for non-performance, I must agree with the claimant that only a material breach of contract by it would excuse respondent's non-performance. I can find no such material breach on the part of the claimant.

    The defense of illegality in a contract case is an allegation that the contract itself is illegal. See generally Restatement Second of Contracts. I cannot find that this agreement fails for illegality.

    It is clear to me that the respondent has a remedy for the wrongs he alleges- the District Court reserved jurisdiction over his discrimination claims and is able to give complete relief as is warranted by the evidence.

    The claimant is awarded the sum of $119,745.38 for damages and interest through May 26, 2010. The claimant may make application for attorneys fees and costs and further interest claims.

    My fee exceeds the amount deposited, but I will decline to bill for the additional amount.

Very truly yours,

John E. Jennings

JEJ/er
Enclosure