IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ADEL HASSAN                                                                                          PLAINTIFF

vs.                                                     3:10CV00100-WRW

ARKANSAS METHODIST
HOSPITAL CORPORATION
d/b/a ARKANSAS METHODIST MEDICAL CENTER                               DEFENDANT

## ORDER

Pending is Defendant's Motion to Dismiss with Prejudice (Doc. No. 25), to which Plaintiff has responded,[1] and Defendant has replied.[2] Defendant's motion is GRANTED in part.

Also pending is Plaintiff's Motion to Amend/Correct Complaint (Doc. No. 29), which is DENIED, and Defendant's Motion for Entry of Judgment under Rule 54(b) (Doc. No. 31),[3] which by this Order is MOOT.

I.   BACKGROUND

The parties were engaged in arbitration on a breach of contract claim when Plaintiff filed his present Complaint requesting that I compel arbitration of his alleged civil rights counterclaims (under 42 U.S.C. § 1981 and the Arkansas Civil Rights Act of 1993). I denied Plaintiff's request because those claims were not arbitrable.[4] The arbitration proceeded and resolved in favor of Defendant. I confirmed Defendant's arbitration awards.[5] Defendant now

---

[1] Doc. No. 27.

[2] Doc. No. 30.

[3] Plaintiff's response is at Doc. No. 33.

[4] Doc. No. 10.

[5] Doc. No. 23.

1

seeks dismissal with prejudice of Plaintiff's remaining claims, or, in the alternative, entry of partial judgment under Rule 54(b).

## II.   DISCUSSION

Because Plaintiff filed his Complaint with the primary purpose of compelling arbitration, it is unsurprising that his original Complaint contains no factual allegations supporting any claim of a civil rights violation, and instead contains only a recitation of the elements. Under Rule 12(b)(6), complaints must supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6] Accordingly, Plaintiff's civil rights claims are DISMISSED, but without prejudice; if Plaintiff wishes to pursue his alleged civil rights claims, he should do so on a clean slate. Defendant is entitled to timely Judgment on the arbitration issues that were the true subject of Plaintiff's Complaint.

## CONCLUSION

Defendant's Motion to Dismiss (Doc. No. 25) is GRANTED in part: Plaintiff's remaining claims alleging civil rights violations are DISMISSED without prejudice. Plaintiff's Motion to Amend/Correct Complaint (Doc. No. 29) is DENIED, and Defendant's Motion for Entry of Judgment under Rule 54(b) (Doc. No. 31) is MOOT. An appropriate Order of Judgment will be entered dismissing Plaintiff's Complaint in its entirety and confirming the arbitration awards.

IT IS SO ORDERED this 8th day of September, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[6]*Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007) (citation omitted).